United States District Court
Southern District of Texas
**ENTERED**
October 05, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM DEXTER WHITE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-4692 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Texas state inmate William Dexter White, representing himself, has filed a petition for a writ of habeas corpus. White challenges the withdrawal of his parole. On May 17, 2018, the Texas Board of Pardons and Parole granted White release to parole upon completion of a rehabilitation program. (Docket Entry No. 11, Exhibit B). On January 17, 2019, before White was released, the Board voted to withdraw the grant of parole based on new information. *Id.* White unsuccessfully challenged the parole withdrawal in a state habeas corpus application. In this federal petition, he alleges that the Board denied him due process by failing to provide him notice of the withdrawal vote, failing to allow his attorney to present information, and basing the withdrawal on false information.

The federal habeas corpus statute allows this court to:

> entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A prisoner has no right to release on parole, which is in the parole board's discretion. *See* TEX. GOV'T CODE ANN. § 508.141. "Because it is entirely speculative whether a prisoner will be

released on parole, . . . 'there is no constitutional expectancy of parole in Texas.' [*Madison v. Parker*], [104 F.3d 765,] 768 [(5th Cir. 1997)]." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). "It is . . . axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). White has no constitutional right to parole, and he fails to raise a ground for habeas corpus relief.

White has not requested a certificate of appealability, but this court may determine whether he is entitled to this relief. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful" for a district court to deny a certificate on its own.). A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court has carefully considered the petition and concludes that jurists of reason would agree that White has not stated a claim for habeas corpus relief. White has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

White's motion for summary judgment, (Docket Entry No. 14), is denied, his petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice, and no certificate of appealability is issued.  All other pending motions are denied as moot.

SIGNED on October 5, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge